**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JAMES A. NELSON.,

        Plaintiff,

vs.                                       Case No. 3:12-cv-1308-J-32JRK

THE UNITED STATES OF AMERICA;
U.S. PRESIDENT B. OBAMA;
U.S. ATTORNEY GENERAL E. HOLDER;
U.S. INSPECTOR GENERAL M. HOROWITZ,

        Defendants.

## ORDER

Defendants, the United States of America, President Obama, Attorney General Holder, and Inspector General Horowitz, filed a motion to dismiss the complaint of Plaintiff, James A. Nelson ("Nelson"), for lack of subject matter jurisdiction.

Plaintiff's complaint seeks three different forms of relief. First, Plaintiff seeks $265,000,000 under the Federal Tort Claims Act ("FTCA") relating to claims that were denied by the Department of Veterans Affairs in 2011. (Doc. 1 at 21). Second, Plaintiff seeks $22,000,000 to correct what he alleges to be an error of the Eleventh Circuit Court of Appeals in determining his rights to relief under previous FTCA claims in <u>Nelson v. United States</u>, Case No. 3:09-cv-01032-HLA-MCR. (Doc. 1 at 21). Third, Plaintiff seeks to be acquitted in a state court proceeding, <u>Florida v. Nelson</u>, Case No. 10002293CFMA, and to have any records relating to the proceedings expunged. (Doc. 1 at 21).

**I.     The 2011 FTCA Claims are Barred.**

On June 23, 2011, the Department of Veterans Affairs denied five administrative tort claims, totaling $264,000,000, brought by Plaintiff under the Federal Tort Claims Act. (Doc. 1-1 at 55). After reconsidering the claims at Nelson's request, the Department again denied all claims and notified Nelson that he had six months to file suit in District Court under the FTCA, with the six months starting from the mailing of the notice of final denial on May 25, 2012. (Doc. 1-1 at 57). Nelson filed suit six months and five days later on November 30, 2012, seeking entitlement to relief under the FTCA claims, now totaling $265,000,000. (Doc. 1 at 21).

The government moved to dismiss the FTCA claims for violation of the statute of limitations. (Doc. 15 at 1). If Plaintiff's claim is time-barred, this Court lacks subject matter jurisdiction to hear the case. See Slater v. United States, 175 Fed. Appx. 300, 303 (11th Cir. 2006). To be timely, an FTCA claim must be "presented in writing to the appropriate Federal agency within two years after such claim accrues" or action must begin "within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b) (West 2006). Plaintiffs must meet both requirements by presenting their claims to the appropriate Federal agency within two years and beginning any court action within six months from the date of the mailing of notice of final denial by the agency. Ramos v. U.S. Dep't of Health & Human Servs., 429 F. App'x 947, 950 (11th Cir. 2011); Phillips v. United States, 260 F.3d 1316, 1317 (11th Cir. 2001). Here, the Plaintiff failed to bring his claim within six months from the mailing of the notice of final denial. Therefore, the motion to dismiss is granted with respect to the 2011

2

FTCA claims.

## II.     The 2009 FTCA Claim is Barred

Plaintiff seeks $22,000,000 to correct what he perceives to be an error of the court in Nelson v. United States, Case No. 3:09-cv-01032-HLA-MCR. (Doc. 1 at 21). In that case, Plaintiff sought to recover damages under the FTCA as a result of medical malpractice he alleged occurred at the St. Louis Veterans Association Medical Center. (Doc. 15 - Ex. F-1 at 2). The 11th Circuit affirmed the district court's dismissal of the complaint. (Doc. 15 - Ex. F-1). Since this Court has no jurisdiction to review decisions of an appellate court, it construes Nelson's pleading as an intent to litigate those same underlying issues anew, rather than as an appeal. Such a claim is, however, barred by the statute of limitations under the FTCA.[1] Plaintiff's initial action in that case was brought under the FTCA on October 16, 2009, subsequent to a final disposition to deny his claim that was sent on April 16, 2009. Complaint at 2, Nelson v. United States, No. 3:09-cv-01032 (11th Cir. June 13, 2012).

The present claim was filed on November 30, 2012, more than three years after the final disposition denying his claim.  The mere "filing of a complaint that was later dismissed without prejudice does not automatically toll the limitations period for a future complaint." Miller v. Georgia, 223 F. App'x 842, 845 (11th Cir. 2007); see also Bost v. Federal Express Corp., 372 F.3d 1233, 1242 (11th Cir. 2004). Here, there are no equitable reasons to toll the limitations period for the duration of Nelson's prior suit. Further, judgment was entered in the

---

[1] The government argues that this claim is barred by res judicata, and it very well might be. However, as the claim is also barred under the statute of limitations, there is no need for an analysis of whether the dismissal of the prior case was a decision on the merits.

3

prior suit on August 7, 2012. (No. 3:09-cv-01032 Doc. 97). Therefore, even if the statute of limitations were tolled for the entirety of that litigation, the statute of limitations would still have run the maximum six months from April 16, 2009 to October 16, 2009, and then run over from August 7, 2012 until November 30, 2012.

As the statute of limitations was exhausted long ago, the claim is barred, and the motion to dismiss is granted with respect to the claim for $22,000,000.

### III.　This Court Lacks Jurisdiction Over State Court Proceedings

Plaintiff seeks acquittal and expungement of any criminal record relating to ongoing criminal proceedings in state court in Putnam County in Florida v. Nelson, Case No. 10002293CFMA (Doc. 1 at 21). Plaintiff must allege a sufficient basis for subject matter jurisdiction. Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990). Plaintiff however provides no basis upon which this court would have jurisdiction over a state court proceeding. (See Doc. 1 at 6-9). As such, the motion to dismiss is granted for lack of subject matter jurisdiction as to claims relating to the state court proceeding.

Accordingly, it is hereby

**ORDERED**:

1. Defendant's Motion to Dismiss (Doc. 15) is **GRANTED**. This case is dismissed with prejudice.

2. The Clerk shall close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 15th day of October, 2013.

TIMOTHY J. CORRIGAN
United States District Judge

W.
Copies:
Pro Se Plaintiff
Counsel of record